UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT D. BOOKER,               )<br>                                 )<br>           Plaintiff,            )<br>                                 )<br>vs.                              )<br>                                 )<br>LPN GOODRICH, et al.,            )<br>                                 )<br>           Defendants.           ) | No. 1:03-cv-366-DFH-TAB |

### Entry Discussing Defendant Dr. Ronald Schaefer's
### Motion for Summary Judgment and Motion to Strike Reply Brief

Robert D. Booker ("Booker") was at all relevant times incarcerated at the Plainfield Correctional Facility ("PCF"). Among other claims asserted against other defendants, Booker alleges that defendant Ronald Schaefer, M.D. ("Dr. Schaefer") was deliberately indifferent to his medical needs and discriminated against him on the basis of race and disability. He further alleges that Dr. Schaefer conspired with others to deprive him of medical care. Booker seeks compensatory damages. Dr. Schaefer seeks resolution of Booker's claims through the entry of summary judgment.

For the reasons explained in this Entry, Dr. Schaefer's motion for summary judgment, filed on October 15, 2004, must be **granted.**

### I. Summary Judgment Standard

Rule 56(c) of the *Federal Rules of Civil Procedure* provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). If the moving party carries this burden, the opposing party then must "go beyond the pleadings" and present specific facts which show that a genuine issue exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Scherer v. Rockwell Int'l,* 975 F.2d 356, 360 (7th Cir. 1992). However, neither "the mere existence of some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, nor the demonstration of "some metaphysical doubt

as to the material facts," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will sufficiently demonstrate a genuine issue of material fact. In that regard, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Because Dr. Schaefer seeks the entry of summary judgment and because Booker is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982) and Local Rule 56.1, was issued. Through this notice, Booker was notified of the nature of the defendant's motion, the proper manner in which to respond, and the consequences of failing to respond. Booker has responded with argument and a discussion of his claims.[1]

## II.  Undisputed Facts and Conclusions of Law

### A.  Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(e), the following facts are undisputed:

At all relevant times, Booker was confined at the PCF. At all relevant times, Dr. Schaefer was a Licensed Medical Doctor in the State of Indiana engaged in the practice of medicine at PCF. During Dr. Schaefer's tenure at PCF, it was normal practice and procedure for treating physicians to review inmates' medical charts. In this regard, on December 16, 2002, Dr. Schaefer performed a chart review for Booker, and in so doing, noted that prior to his incarceration Booker had engaged in drug seeking behavior at emergent care facilities. Dr. Schaefer recorded his notation of Booker's prior drug seeking behavior in a Progress Note in Booker's chart. Dr. Schaefer also noted that Booker had made several "Requests for Medical Care" at PCF throughout December of 2002. Based on these requests, on December 19, 2002, Dr. Schaefer ordered a "M.D. sick call" for Booker, which is PCF procedure for allowing an inmate to visit a physician. Booker's M.D. sick call was for purposes of evaluating his back pain.

---

[1] Booker notes in his filing of January 12, 2005, entitled "reply brief," that he intended that his answers to interrogatories filed on November 1, 2004, be considered his response to Dr. Schaefer's motion for summary judgment. Although the court will consider his answers to interrogatories as his response to the motion, such answers are not sworn under penalty of perjury nor are they in the proper form of a response as required by Rule 56 of the *Federal Rules of Civil Procedure* and Local Rule 56.1. In his January 12, 2005, "reply brief" Booker asks that he be granted an additional unspecified amount of time to respond to the motion for summary judgment, but he also states his position in his reply in case an extension is not granted. Over eight months later, no further response has been filed by Booker, nor at this time would the court entertain additional briefing. Booker has had ample opportunity to respond.

Booker's appointment was scheduled for January 3, 2003. Prior to seeing Booker for the January 3, 2003, "sick call," Dr. Schaefer reviewed several statements from PCF correctional officers wherein the correctional officers documented Booker's physical actions, including normal standing, bending, and walking, without incident or any objective evidence of back pain. It was common procedure at PCF for the medical staff to request that correctional staff members observe and record their observations of inmates suspected of drug seeking behavior. Additionally, prior to seeing Booker, Dr. Schaefer ordered an x-ray of Booker's lumbar spine for purposes of assisting in Booker's treatment.

On January 3, 2003, Dr. Schaefer saw Booker for his back pain evaluation. At the time of examination, the results of the x-ray of Booker's lumbar spine were not yet available. Dr. Schaefer performed a complete physical examination of Booker, and the examination was negative for nerve root impingement in Booker's spine. On January 3, 2003, Booker continued to complain of back pain. Based on Booker's complaints, and because the x-ray results were not available, Dr. Schaefer ordered the following for Booker: a) use of a cane for thirty days; b) bed rest for seventy-two hours; c) Ibuprofen – 600 mg (twice per day for fourteen days); and d) a wheelchair pass for seventy-two hours.

Booker continued to submit "Requests for Medical Treatment" forms. On January 29, 2003, Dr. Schaefer reviewed another "Request for Medical Treatment" form from Booker dated January 24, 2003. By that time, the x-ray results had been received, and Dr. Schaefer noted that they showed no abnormalities. Based on the negative x-ray results, Booker's documented previous drug seeking behavior, the observations from the correctional officers demonstrating Booker's ability to perform normal physical activities without restrictions or evidence of pain, and the negative physical examination, Dr. Schaefer ordered commissary drugs for Booker. Commissary drugs equate to over-the-counter pain medication.

Dr. Schaefer had no other direct or indirect interactions with Booker after January 29, 2003, and he never treated Booker after that date.[2]

### B.     Conclusions of Law

Booker alleges that Dr. Schaefer failed to provide adequate medical treatment for his back pain from December 13, 2002, through January 3, 2003, and that Dr. Schaefer failed to refer Booker to a hospital for an MRI.

---

[2] Dr. Schaefer has presented requests for admissions to which Booker did not respond. Dr. Schaefer seeks to have various factual and legal propositions thereby deemed admitted pursuant to Rule 36 of the *Federal Rules of Civil Procedure*. The court finds that it can rule on the motion for summary judgment without reliance on Booker's failure to respond to the requests for admissions.

To prove deliberate indifference for purposes of his Eighth Amendment claim, Booker must show that he had an objectively serious medical need and that Dr. Schaefer acted with a "sufficiently culpable state of mind," a subjective determination. *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002). A condition is serious if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (internal quotations omitted). Deliberate indifference occurs when a prison official actually knows of a substantial risk of serious harm to an inmate and consciously disregards it nonetheless. *Pierson v. Hartley,* 391 F.3d 898, 902 (7th Cir. 2004). A court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999).

There is no contention that Booker's back pain did not constitute a serious medical need. The issue as to the Eighth Amendment claim is whether Dr. Schaefer was deliberately indifferent to Booker's back pain.

It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Booker is "entitled to reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Booker has not presented evidence that creates a genuine issue of fact as to whether Dr. Schaefer was deliberately indifferent to his medical needs. Dr. Schaefer reviewed Booker's medical history, ordered an x-ray of Booker's lumbar spine, completed a full physical examination, prescribed use of a cane for thirty days, bed rest, 600 mg of Ibuprofen twice a day for fourteen days, and a wheelchair pass for seventy-two hours. The results of Dr. Schaefer's examination and the x-ray did not reveal any nerve impingement or other abnormality. Dr. Schaefer did not ignore Booker's complaints, nor did he deny Booker access to appropriate medical care. He provided a reasonable course of treatment for Booker's back pain. Booker is not entitled to demand specific care or testing such as an MRI conducted at a hospital, nor is he entitled to receive any particular pain medication. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). In sum, Dr. Schaefer is entitled to summary judgment as to Booker's claim of deliberate indifference.

Booker has presented no evidence that Dr. Schaefer treated Booker differently from other patient-inmates based on his race, alleged disability, or for any other reason, or that Dr. Schaefer conspired with others to deprive Booker of medical care. Dr. Schaefer is therefore entitled to summary judgment as to Booker's "discrimination" and conspiracy claims.

4

### III.  Conclusion

Booker has not identified triable issues of fact in support of the claims he asserts against Dr. Ronald Schaefer. Accordingly, the motion for summary judgment filed by defendant Dr. Schaefer is **granted.**  The motion to strike plaintiff's reply brief, filed by Dr. Schaefer on January 27, 2005, is **denied.**

So ordered.

                                                                                        *David F. Hamilton*
                                                                                       _____
                                                                                       DAVID F. HAMILTON, Judge
                                                                                       United States District Court

Date:    8/30/2005


Copies to:

Robert Booker
3108 S. Lafayette Street
Ft. Wayne, IN 46806

Thomas J. Grau
DREWRY SIMMONS VORNEHM, LLP
tgrau@drewrysimmons.com

Tammy S. Koch
DREWRY SIMMONS VORNEHM, LLP
tkoch@drewrysimmons.com

Matthew James Schafer
DREWRY SIMMONS VORNEHM, LLP
mschafer@drewrysimmons.com

Todd A. Weaver
INDIANA STATE ATTORNEY GENERAL
tweaver@atg.state.in.us