**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ROBERT D. BOOKER, Plaintiff, | ) | |
| vs. | ) | No. 1:03-cv-366-DFH-TAB |
| LPN GOODRICH, et al., Defendants. | ) | |

**Entry Discussing Defendant Goodrich's Motion for Summary Judgment and Motion to Strike Reply Brief**

Robert D. Booker ("Booker") was at all relevant times incarcerated at the Plainfield Correctional Facility ("PCF"). Among other claims asserted against other defendants, Booker alleges that defendant Margaret Goodrich, L.P.N. ("Nurse Goodrich") was deliberately indifferent to his medical needs and discriminated against him on the basis of race and disability. He further alleges that Nurse Goodrich conspired with others to deprive him of medical care. Booker seeks compensatory damages. Nurse Goodrich seeks resolution of Booker's claims through the entry of summary judgment.

For the reasons explained in this Entry, Nurse Goodrich's motion for summary judgment, filed on October 15, 2004, must be **granted.**

## I. Summary Judgment Standard

Rule 56(c) of the *Federal Rules of Civil Procedure* provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). If the moving party carries this burden, the opposing party then must "go beyond the pleadings" and present specific facts which show that a genuine issue exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Scherer v. Rockwell Int'l*, 975 F.2d 356, 360 (7th Cir.

1992). However, neither "the mere existence of some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, nor the demonstration of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will sufficiently demonstrate a genuine issue of material fact. In that regard, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Because Nurse Goodrich seeks the entry of summary judgment and because Booker is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982) and Local Rule 56.1, was issued. Through this notice, Booker was notified of the nature of the defendant's motion, the proper manner in which to respond, and the consequences of failing to respond. Booker has responded with argument and a discussion of his claims.[1]

## II. Undisputed Facts and Conclusions of Law

### A. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(e), the following facts are undisputed:

At all relevant times, Booker was confined at the PCF. At all relevant times, Nurse Goodrich was licensed in the State of Indiana as a Practical Nurse, and was engaged in the Health Services Unit ("HSU") at PCF as a Licensed Practical Nurse. As a Licensed Practical Nurse, Nurse Goodrich did not have the authority to prescribe medications to patients, nor did she have the authority to order that previously prescribed medications be discontinued. At PCF, physicians are responsible for prescribing and/or discontinuing medications to patient-offenders. Additionally, as a Licensed Practical Nurse, Nurse Goodrich did not have the authority to alter a patient's medical restrictions absent prior instructions or orders by a physician.

On December 27, 2002, Nurse Goodrich was called to the courtyard at PCF to attend to an inmate who was on the ground. The inmate turned out to be Booker, and after

---

[1]Booker notes in his filing of January 12, 2005, entitled "reply brief," that he intended that his answers to interrogatories filed on October 25, 2004, be considered his response to Nurse Goodrich's motion for summary judgment. Although the court will consider his answers to interrogatories as his response to the motion, such answers are not sworn under penalty of perjury nor are they in the proper form of a response as required by Rule 56 of the *Federal Rules of Civil Procedure* and Local Rule 56.1. In his January 12, 2005, "reply brief" Booker asks that he be granted an additional unspecified amount of time to respond to the motion for summary judgment, but he also states his position in his reply in case an extension is not granted. Over eight months later, no further response has been filed by Booker, nor at this time would the court entertain additional briefing. Booker has had ample opportunity to respond.

arriving in the courtyard, Nurse Goodrich observed Booker on the ground, rolling from side to side and arching his back. Booker was complaining of lower back pain, but his physical behavior did not correlate with any lower back pain symptoms. Nurse Goodrich examined Booker and determined that he could be transported inside. The correctional officers on the scene placed Booker in a wheelchair, and Booker was taken to the HSU.

After arriving in the HSU, Nurse Goodrich prepared progress notes in Booker's medical file detailing her observations of Booker and recording his subjective complaints regarding his back pain. She checked Booker's vital signs, assessed his condition, and determined that he already was scheduled to consult a doctor. Nurse Goodrich requested that Booker be provided an over-the-counter pain medication and that he be given complete bed rest for twenty-four hours. As a Licensed Practical Nurse, Nurse Goodrich had no authority or ability to prescribe narcotics to Booker for his back pain on December 27, 2002, or any other time. Nurse Goodrich had no other direct contact with Booker.

Nurse Goodrich had two other indirect contacts with Booker. Specifically, on December 29, 2002, she was notified by a corrections officer at PCF that Booker was refusing to eat his meals. Also, on February 6, 2003, she completed a refusal form after being advised by a corrections officer that Booker was refusing to attend his "Nurse Sick Call." Nurse Goodrich had no direct interaction with Booker on either of these dates, and as such, she provided no medical treatment to him on those occasions.[2]

**B. Conclusions of Law**

Booker alleges that on December 27, 2002, while outside one of the prison dormitories he fell and injured his back. He alleges that he was unable to get up and that when Nurse Goodrich came out to check on him, she thought he was "faking it" and allowed him to lie on the ground for over 30 minutes before having him brought in to the HSU by wheelchair. Booker also argues that he should have been provided with treatment in a hospital emergency room and with medication for pain and swelling.

To prove deliberate indifference for purposes of his Eighth Amendment claim, Booker must show that he had an objectively serious medical need and that Nurse Goodrich acted with a "sufficiently culpable state of mind," a subjective determination. *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002). A condition is serious if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (internal quotations omitted). Deliberate indifference occurs when a prison official

---

[2]Nurse Goodrich has presented requests for admissions to which Booker did not respond. Nurse Goodrich seeks to have various factual and legal propositions thereby deemed admitted pursuant to Rule 36 of the *Federal Rules of Civil Procedure*. The court finds that it can rule on the motion for summary judgment without reliance on Booker's failure to respond to the requests for admissions.

actually knows of a substantial risk of serious harm to an inmate and consciously disregards it nonetheless. *Pierson v. Hartley,* 391 F.3d 898, 902 (7th Cir. 2004). A court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999).

There is no contention that Booker's back pain did not constitute a serious medical need. The issue as to the Eighth Amendment claim is whether Nurse Goodrich was deliberately indifferent to Booker's back pain.

It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Booker is "entitled to reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Booker has not presented evidence that creates a genuine issue of fact as to whether Nurse Goodrich was deliberately indifferent to his medical needs. Nurse Goodrich evaluated Booker's medical condition, offered over-the-counter pain medication, placed him on bed rest, and noted that he had an appointment scheduled with a doctor. Given Nurse Goodrich's limitations as a Licensed Practical Nurse, she provided a reasonable course of treatment for Booker's back pain. Nurse Goodrich did not deny Booker access to appropriate medical care.

Although delay in treating a known serious medical condition may reflect deliberate indifference, such delay must be intentional or criminally reckless. *See Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001). In addition, in order to establish that delay in treatment rises to the level of deliberate indifference, a plaintiff must present medical evidence of a detrimental effect of the delay. *Langston v. Peters,* 100 F.3d 1235, 1240-41 (7th Cir. 1996). Booker has presented no admissible evidence showing that Nurse Goodrich intentionally delayed in evaluating or in providing care for his back, nor has he presented medical evidence of detriment caused by such alleged delay. Booker is not entitled to demand specific care such as receiving a particular pain medication or being evaluated at a private hospital. In sum, Nurse Goodrich is entitled to summary judgment as to Booker's claim of deliberate indifference.

Booker has presented no evidence that Nurse Goodrich treated Booker differently from other patient-inmates based on his race, alleged disability, or for any other reason, or that she conspired with others to deprive him of medical care. Nurse Goodrich is therefore entitled to summary judgment as to Booker's "discrimination" and conspiracy claims.

## III. Conclusion

Booker has not identified triable issues of fact in support of the claims he asserts against Nurse Goodrich. Accordingly, the motion for summary judgment filed by defendant Nurse Goodrich is **granted.** The motion to strike plaintiff's reply brief, filed by Nurse Goodrich on January 27, 2005, is **denied.**

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 8/30/2005

Copies to:

Robert Booker
3108 S. Lafayette Street
Ft. Wayne, IN 46806

Thomas J. Grau
DREWRY SIMMONS VORNEHM, LLP
tgrau@drewrysimmons.com

Tammy S. Koch
DREWRY SIMMONS VORNEHM, LLP
tkoch@drewrysimmons.com

Matthew James Schafer
DREWRY SIMMONS VORNEHM, LLP
mschafer@drewrysimmons.com

Todd A. Weaver
INDIANA STATE ATTORNEY GENERAL
tweaver@atg.state.in.us